IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| JOHN R. STEWART AND MARCIA STEWART, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WHITCAP INVESTMENT CORP. d/b/a )<br>PARADISE LUMBER, PUTNAM LUMBER )<br>AND EXPORT COMPANY, PUTMAN FAMILY )<br>PROPERTIES INC., AND GREAT SOUTHERN )<br>WOOD PRESERVING INCORPORATED, )<br>)<br>Defendants. )<br>) | Civil No. 2012-28 |

## ORDER

Before the Court is defendant Whitecap Investment Corp. d/b/a Paradise Lumber's motion (ECF 45[1]) to consolidate for purposes of discovery this case (hereafter the "*Stewart* Case") with the action pending as *Whitecap Investment Corp. d/b/a Paradise Lumber v. Putnam Lumber & Export Company, et al.,* Civil No. 2010-139 (hereafter the "*Whitecap* Case"). Plaintiffs and defendants Putnam Lumber & Export Company and Putnam Family Properties, Inc. oppose consolidation.[2] *See* ECF 65 and 47, respectively.

I.      **Factual and Procedural Background**

The *Whitecap* Case was filed on December 29, 2010, and alleged a number of different causes of action based on the premise that the defendants in that case -- Putnam Lumber & Export Company, Putnam Family Properties, Inc., a principal of Putnam, Mike Noble (collectively "Putnam"), and Great Southern Wood Preserving, Inc. ("Great Southern") -- together provided wood products to Whitecap that have proven to be defective. Whitecap alleges, among other

---

[1] References to docket entries shall be to those in Civil No. 2012-28, unless otherwise indicated.

[2] Defendant Great Southern Wood Preserving, Inc. did not respond to the motion to consolidate in this case, but in a filing in Civil No. 10-139 (ECF 144, 3:10-cv-139) stated that while "it does not oppose a limited consolidation of discovery," "the ultimate scope of discovery in these two matters will differ significantly."

*Stewart, et al. v. Whitcap Investment Corp., et al.*
Civil No. 2012-28
Page 2

things, that many of its customers who purchased such wood products have experienced premature failures of the products. *See* ECF 1, 3:10-cv-139. On July 6, 2011, the Court established by a Trial Management Order (ECF 34, 3:10-cv-139) a discovery and trial schedule. Although there have been some minor adjustments to the discovery schedule, the parties are well along in the fact discovery process and expert discovery is also underway. The matter remains set for trial on March 4, 2013.

In the instant case, the Stewarts are end users of wood products who filed this matter on May 3, 2012, claiming they purchased wood from Whitecap that was "manufactured, processed, distributed and sold" by Putnam and Great Southern, and which has suffered premature failure. (ECF 1) Because Great Southern asserts a lack of personal jurisdiction in this case and moved for dismissal on that basis (*see* ECF 16), the parties have engaged in some limited jurisdictional discovery, but have otherwise not commenced general discovery in this case, nor has a discovery schedule or trial date been established. The parties attempted to coordinate part of the jurisdictional discovery with ongoing discovery in the *Whitecap* Case, but reported that "the logistics of planning that discovery in conjunction with the ongoing discovery in Civil No. 2010-139 has demonstrated that consolidation of these matters may not be workable." *See* ECF 68; *see also* Plaintiffs' Opposition at 2 (ECF 65).

**II.     Legal Standard**

Federal Rule of Civil Procedure 42 provides that "if actions before the court involve a common question of law or fact," the court may "issue any [] orders to avoid unnecessary cost or delay," including an order to consolidate the actions for discovery or trial. Fed. R. Civ. P 42(a); *see St. Croix Fed'n of Teachers v. Gov't of the Virgin Islands*, 2011 U.S. Dist. LEXIS 82358, *2-3 (D.V.I. Jul. 25, 2011)("'The purpose of consolidation is to streamline and economize pretrial proceedings,'" quoting *In re TMI Lit.,* 193 F.3d 613, 724 (3d Cir. 1999)). Consolidation is

*Stewart, et al. v. Whitcap Investment Corp., et al.*
Civil No. 2012-28
Page 3

"permitted as a matter of convenience and economy in administration." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). The decision to consolidate is committed to the Court's discretion. *See, e.g. Yhan v. Hovensa, L.L.C.,* 2010 U.S. Dist. LEXIS 90515, *2 (D.V.I. Aug. 30, 2010)(citing *Farahmand v. Rumsfeld*, 2002 U.S. Dist. LEXIS 22473, *4 (E.D. Pa. Nov. 20, 2002)). "While the existence of common issues is a prerequisite for consolidation, their mere presence does not compel consolidation." *Farahmand,* 2002 U.S. Dist. LEXIS 22473, *3-4. Among the factors a court should consider in balancing the benefits of consolidation against the potential for delay, confusion and prejudice, is whether consolidation could "cause delay in one of the cases." *Id.* at *4-5 ("a court may deny consolidation when one case is further into the discovery process")(citations omitted).

**III.   Discussion**

Applying these principals to the instant motion, the Court observes first that there are common issues in the two cases with respect to (1) whether the wood at issue is defective, and (2) which party or parties bear the responsibility for any damage attributable to such defect(s). However, as the *Farahmand* Court noted, the inquiry does not end there, and it is incumbent upon the Court to balance the potential for judicial economy against the potential for negative effects.

Here, discovery in the *Whitecap* Case not only is farther along, it is nearly completed in terms of the factual inquiries that the Stewarts will necessarily want to explore in the present case. This means that much discovery may need to be duplicated anyway and no economy would be achieved. Furthermore, consolidation would likely cause significant delay to the resolution of the *Whitecap* Case, which has been pending for almost two years, and is already into the expert discovery phase.

*Stewart, et al. v. Whitcap Investment Corp., et al.*
Civil No. 2012-28
Page 4

Against this background, the movant has failed to set forth how any economies to be gained by consolidation outweigh this potential for expense and delay. Nor does the movant articulate what "inconsistent rulings" or "outcomes" could result if the matters are not consolidated for discovery, which is the limited consolidation movant seeks.

Accordingly, the premises considered, **IT IS HEREBY ORDERED** that the motion to consolidate is DENIED.

**Dated:** October 16, 2012         S_____
                                    **RUTH MILLER**
                                    United States Magistrate Judge