IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| JOHN R. STEWART and MARCIA STEWART, ) ) ) Plaintiffs, ) ) ) vs. ) ) WHITECAP INVESTMENT CORP. d/b/a ) PARADISE LUMBER, PUTNAM ) LUMBER & EXPORT COMPANY, ) PUTNAM FAMILY PROPERTIES, INC., ) AND GREAT SOUTHERN WOOD ) PRESERVING, INCORPORATED, ) ) Defendants. ) _____ ) | Civil No. 2012-28 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Whitecap Investment Corp. d/b/a Paradise Lumber's ("Whitecap") Motion to Consolidate [DE 117] this case (the "*Stewart* case"), pursuant to Rule 42 of the Federal Rules of Civil Procedure,[1] with *Chapin, et al., v. Great Southern Wood Preserving Inc., et al.*, D.V.I. Civil No. 2012-77 (the "*Chapin* case"), for purposes of discovery and trial. Plaintiffs oppose the motion [DE 126]. Defendants Putnam Lumber & Export Company and Putnam Family Properties (collectively, "the Putnam Entities") and Great Southern Wood Preserving, Inc. ("Great Southern") oppose consolidation for purposes of trial but not for purposes of discovery.[2]

---

[1]   All docket entries ("DE") cited herein refer to Civil No. 2012-28, unless otherwise specified.

[2]   The *Chapin* plaintiffs filed a response in the instant matter, which does not clearly set forth their position as to consolidation of the *Chapin* case with the *Stewart* case. Apparently, the *Chapin* plaintiffs do not oppose consolidation subject to Whitecap "com[ing] forward with a cooperative discovery plan that would avoid unnecessary delays before consolidation is contemplated." Chapin Resp. at 3 [DE 127]. After the *Chapin* plaintiffs filed a response in this matter, they sought leave from this Court to amend their complaint to add a class action claim. [DE 88; Civil No. 2012-77].

## I. BACKGROUND

In the instant case, filed May 3, 2012, the Stewarts are end users of wood products who claim they purchased wood from Whitecap that was "manufactured, processed, distributed and sold" by Putnam and Great Southern, and which has suffered premature failure. Pl.'s Comp. ¶¶ 17, 21-24 [DE 1]. On November 13, 2012, the Court established by a Trial Management Order [DE 88] a discovery and trial schedule. The fact discovery process is well underway, with fact discovery closing on May 1, 2013. The matter is set for trial on April 14, 2014. *Id*.

In the *Chapin* case, filed on October 1, 2012, the plaintiffs are also end users of wood products who claim they purchased wood from Whitecap that was "improperly treated" or "sold without full disclosure" by Putnam and Great Southern, and which has suffered premature failure. [DE 1 ¶¶ 1-12, 23; Civil No. 2012-77]. While the Court has not entered a trial management order in the *Chapin* case, the parties there have apparently exchanged at least some discovery.[3]

## II. LEGAL STANDARD

Rule 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . issue any [] order[] to avoid unnecessary cost or delay," including an order to consolidate the actions for discovery or trial. FED. R. CIV. P. 42(a); *see St. Croix Fedn. of Teachers v. Gov't of the Virgin Islands*, 2011 U.S. Dist. LEXIS 82358, at *3 (D.V.I. July 25, 2011) (noting "[t]he purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases

---

[3] The *Chapin* plaintiffs advise that "[i]n preparation for the January 2013 scheduling conference and rule 16.1 Memorandum, the parties agreed to cooperate and share discovery," which has resulted in their receipt of "tens of thousands of pages of documents." Chapin Resp. at 1-2 [DE 127-2]. Similarly, Whitecap advises that "all of the documents from the associated cases have been produced to both sets of counsel." Defs.' Reply at 4.

Case: 3:12-cv-00028-CVG-RM Document #: 174 Filed: 04/03/13 Page 3 of 6

Stewart v. Whitecap Investment Corp. d/b/a Paradise Lumber, et al.
Civil No. 2012-28
Page 3

involving similar legal and factual issues") (quoting *In re § TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999)). Consolidation is "permitted as a matter of convenience and economy in administration, but it does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties to one suit parties in another." *Fitz v. Islands Mech. Contr.*, 2013 U.S. Dist. LEXIS 28165, at *3 (D.V.I. Mar. 1, 2013) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)).

"While the existence of common issues is a prerequisite for consolidation, their mere presence does not compel consolidation." *Farahmand v. Rumsfeld*, 2002 U.S. Dist. LEXIS 22473, at *3-4 (E.D. Pa. Nov. 20, 2002). Rather, a district court has "broad discretion" in deciding motions to consolidate, in which several factors should be considered. *Borough of Olyphant v. PPL Corp.*, 153 Fed. Appx. 80, 82 (3d Cir. 2005). Factors favoring consolidation include: (1) the possibility of inconsistent adjudication of common factual and legal issues; (2) unnecessary burden on parties and witnesses created by separate cases; (3) judicial economy; and (4) additional time requirements and expenses resulting from separate trials. By contrast, factors disfavoring consolidation include: (1) prejudice to parties; (2) juror confusion; and (3) additional time requirements and expenses resulting from consolidation. *See Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982); 8 Moore's Federal Practice, § 42.10 (3d ed.); *see also Farahmand*, 2002 U.S. Dist. LEXIS 22473, *3-4 (internal quotation marks omitted) (stating "[w]hen exercising this discretion, a court should weigh the benefits of judicial economy against the potential for new delays, expense, confusion or prejudice").

### III. DISCUSSION

Whitecap argues in a conclusory fashion that these matters "have a commonality of liability issues, parties and discovery" and in the absence of consolidation, "there may be

inconsistent rulings or [] outcomes." Def.'s Mot. at 3. Whitecap also argues the status of discovery in both cases indicates the cases are substantially similar such that "jointly conducting the remaining discovery will allow the parties to conserve resources" and avoid duplication of discovery. Def.'s Reply at 4 [DE 149]. In particular, Whitecap relies on the production of "all the documents from the associated cases" to "both sets of counsel," Great Southern's fully-briefed motions to dismiss[4] and defendants' readiness to begin depositions and to conduct site inspections on the homes of the *Stewart* and *Chapin* plaintiffs. From a trial standpoint, Whitecap argues the parties will present the same evidence concerning the treatment of the wood products and the testing of the lumber from the homes of both the *Stewart* and *Chapin* plaintiffs. Whitecap argues further that the same fact and expert witnesses will testify in both matters. *Id*.

Here, the instant matter and the *Chapin* case include very similar and overlapping facts and issues of law – that is, plaintiffs in both cases seek to recover against the same defendants for physical damages sustained to their homes resulting from wood products not properly treated or treated with an improper treatment or sold as a product for a use for which it was not suitable. Moreover, the instant matter and the *Chapin* case include some of the same parties, witnesses and counsel. Finally, defendants will likely advance at least some of the same defenses in both actions. In sum, the threshold requirement for consolidation under Rule 42(a) of a common question of law or fact is met in this case.

Accordingly, the question of whether to consolidate is one of judicial discretion. With respect to consolidation for discovery purposes, fact discovery is well underway in the *Stewart* case and is scheduled to close in about one month, with mediation to commence no later than June 1, 2013. [DE 88]. Conversely, a trial management order has not yet been entered in the

---

[4] On March 21, 2013, the Court denied Great Southern's motions in this case. [DE 169].

*Chapin* case, where the parties have been unable to agree on a basic discovery plan, and where the operative complaint now contains class action allegations. [DE 98; Civil No. 2012-77]. While Whitecap states "documents and pleadings from the associated cases were produced as a courtesy to Chapin, to try and provide them with the universe of information at the earliest possible stage to accelerate discovery,"[5] Def.'s Reply, at 2, consolidation now would likely cause delay to the resolution of the *Stewart* case, which has been pending for almost one year. *See Farahmand*, 2002 U.S. Dist. LEXIS 22473, *3-4 (explaining "a court may deny consolidation when one case is further into the discovery process") (citations omitted); *but see* 8 Moore's Federal Practice, § 42.10 (3d ed.) (stating "[c]ases do not have to be at the same stage of discovery for consolidation to take place and courts will balance . . . delay in the trial of one case against the avoidance of duplicate efforts in the discovery process, as well as conservation of financial resources of the parties").

With respect to consolidation for trial purposes, it seems obvious that the parties in both cases will rely on some of the same witnesses. Accordingly, consolidation would mitigate expenses related to duplication of effort and the travel of these witnesses. Consolidation also may eliminate some unnecessary repetition as to evidence presented regarding the treatment of the wood products.

On the other hand, consolidation of these two cases could likely result in juror confusion and prejudice to the parties, given that the plaintiffs in each case seem to be arguing different theories with regard to the failure mechanisms of the wood and of liability, and they claim

---

[5] The *Chapin* plaintiffs take issue with the manner in which such documentation has been presented and point out that Whitecap and others have not agreed to share deposition transcripts from the other cases.

damage has occurred differently in their respective dwellings.[6] These varying theories will likely necessitate expert testimony of various types, which may be inconsistent even among plaintiffs, leaving jurors to face difficulty in separately considering evidence relevant to causation and damages claimed in each case, or in considering additional information that may only be relevant and admissible with regard to only one case.

Weighing these considerations, the Court finds that the delay to the *Stewart* case and the risk of prejudice to the parties is not overborne by the benefits of consolidation. Accordingly, at this stage of the proceedings, the Court finds consolidation is not warranted for either discovery or trial purposes.

## IV.    CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Whitecap's Motion to Consolidate [DE 117] is DENIED.

**Dated:** April 3, 2013                              S\_____
                                                                        **RUTH MILLER**
                                                                        United States Magistrate Judge

---

[6]    *See Stewart* Pls.' Resp. at 3-4 [DE 126].